2005 VT 14

**Timothy THIBODEAU v. Patricia THIBODEAU**

[869 A.2d 142]

No. 03-558

¶ 1. January 26, 2005. Plaintiff Timothy Thibodeau appeals a family court order that denied his motion to terminate a relief from abuse order protecting defendant, Patricia Thibodeau, and the parties' two children. We affirm.

¶ 2. The parties were once married and have two minor children together. Defendant has had legal and physical parental rights and responsibilities for the minor children since she obtained a relief from abuse order against plaintiff in October 1995. After a contested hearing, the family court issued a final divorce order on June 11, 1997, and a final relief from abuse order on June 20, 1997. The divorce order found that plaintiff had physically abused defendant, and the relief from abuse decision reiterated plaintiff's history of violent behavior towards defendant and found that plaintiff had also physically abused the children. The relief from abuse decision suspended contact between plaintiff and the children until plaintiff engaged in "appropriate mental health counseling to include domestic violence counseling, anger management counseling and empathy counseling." The court set the duration of this order as "permanent." Plaintiff never appealed either order.

¶ 3. Shortly after the orders were issued, defendant moved with the children to a place in New York not disclosed to plaintiff. Plaintiff had no contact with the children for five years, although they continued to have contact with members of plaintiff's family. From June 2001 to August 2002, plaintiff participated in a Batterers Intervention Program (BIP) in fulfillment of a probation condition. In the BIP, "[p]articipants are challenged to identify their own thought patterns or belief systems which underlie the violent behavior, identify risk factors and develop cognitive and behavioral interventions that are non-controlling and non abusive." In July 2002, plaintiff filed motions to restore parent-child contact and to review the final relief from abuse order. Defendant supported plaintiff's request to see the children, and the parties entered an agreement for plaintiff to have contact with the children supervised by plaintiff's brother and father. The first visit was in August 2002 and appeared to go well. The children had two visits with their father in August 2003, the second of which was marked by anger and confrontation. Plaintiff and his brother had an angry confrontation in front of the children during which plaintiff invited a physical fight. Plaintiff also had an argument with his father that ended when plaintiff went to the police. Additionally, plaintiff became very angry with the children's guardian ad litem, leaving abusive and threatening messages on his telephone. Following the second August visit, the children insisted on sleeping in the same bed as their mother and exhibited violent behavior. Defendant decided that contact with their father was detrimental to the children and would not agree to further visits. As a result, the matter was presented to the family court.

¶ 4. The court found that plaintiff had not met the requisite conditions for renewed contact with his children. The

court was concerned with plaintiff's behavior during the second 2003 visit and set specific conditions he had to fulfill to restore parental contact. Further, the court found that there was no basis to discontinue the final relief from abuse order, but modified it to expire on October 26, 2019.*

¶ 5. On appeal, plaintiff challenges only the family court decision not to terminate the relief from abuse order and claims that the court abused its discretion. Plaintiff characterizes the court's decision as an extension of the original relief from abuse order. Under such circumstances,

> the court may extend any order, upon motion of the plaintiff, for such additional time as it deems necessary to protect the plaintiff, the children, or both, from abuse. It is not necessary for the court to find that abuse has occurred during the pendency of the order to extend the terms of the order.

15 V.S.A. § 1103(d). Under this language, plaintiff argues that the trial court had to find that continuing the order was necessary and the evidence did not support such a finding.

¶ 6. Defendant responds that plaintiff misconstrues the procedural posture of the family court proceeding and resulting order. Specifically, defendant argues that the family court was not extending the

original relief from abuse order, rather plaintiff was arguing for a modification of that order. Defendant points out that the original order was permanent, without an expiration date, and the court did not need to extend it. Thus, defendant claims that plaintiff had to show a substantial change in circumstances to modify the order and the court correctly determined that plaintiff failed to make any such showing. We agree with defendant and further hold that the court's findings are supported by the evidence, and the conclusions were supported by the findings and within the court's discretion.

¶ 7. The family court is given broad discretion in determining questions of fact, and we review its findings for clear error. *Begins v. Begins*, 168 Vt. 298, 301, 721 A.2d 469, 471 (1998). Further, we will uphold the court's conclusions if supported by the findings. *Id.*

¶ 8. Although plaintiff correctly notes that relief from abuse orders must contain a termination date, plaintiff never appealed this error in the 1997 order. See 15 V.S.A. § 1103(d) ("Relief shall be granted for a fixed period . . . ."); *Benson v. Muscari*, 172 Vt. 1, 9, 769 A.2d 1291, 1298 (2001). Instead, plaintiff chose to file a motion five years later, asking the court to revise the existing order by terminating it. Under such circumstances, we find that plaintiff was requesting that the court modify the existing relief from abuse order and therefore had the burden of showing a substantial change of circumstances. 15 V.S.A. § 1103(d) ("The court may modify its order at any subsequent time upon motion by either party and a showing of a substantial change in circumstance.").

¶ 9. The court found that plaintiff had not complied with the conditions in the 1997 order to reinstate visitation despite many years to do so; more important, the court found that there was no change in plaintiff's angry attitude and violent behavior. Specifically, the court found

---

* As defendant points out, the court's order is internally inconsistent. It states that the order will remain "in place until [the younger child's] eighteenth birthday, October 26, 2019." We note that the child's eighteenth birthday is October 26, 2009, not October 26, 2019, and accordingly, amend the order to reflect the correct date.

that plaintiff's behavior during the second August 2003 visit, and later towards the guardian ad litem, demonstrated that the BIP program failed to help plaintiff control his anger. Particularly regarding the verbally abusive messages left with the guardian ad litem, the court noted that plaintiff had

> time for forethought, time to think through what he was about to do, time to use the tools he had learned at BIP to break the thought pattern, time to call on one of the circle of people he had identified to help him understand what he was doing. He clearly failed to access any of the tools he learned at BIP in an effort to prevent himself from giving full verbal vent to his anger.

The court also noted that "while Timothy loves [his children], the court has no confidence that his love for them is powerful enough to deter him from engaging in angry and threatening behavior whenever he happens to feel that such behavior is warranted," and concluded that the risk that plaintiff would lose his temper with the children outweighed the benefit of contact.

¶ 10. The court also found that plaintiff exhibited no remorse for his violent and abusive actions towards defendant and instead blamed her for lack of contact with the children. Again, the court reiterated that plaintiff failed to demonstrate that he can control his anger, even when his actions were detrimental to his relationship with his children. The court therefore declined to terminate the relief from abuse order, but did set a termination date to coincide with time when the younger child will reach the age of majority. The court also indicated that it would reconsider the termination date if plaintiff complied with the visitation conditions. In view of the procedural posture of the case, these actions were unnecessary, but inured to plaintiff's benefit.

*The relief from abuse order dated November 12, 2003 is amended to terminate on October 26, 2009. In all other respects, the court's order is affirmed.*